UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 19-cr-00065 |
| v. | Violation: 15 U.S.C. § 1 |
| NETBRANDS MEDIA CORP., | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America and Netbrands Media Corporation, d/b/a 24hourwristbands.com and imprint.com ("Defendant"), a corporation organized and existing under the laws of Texas, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1. The Defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against it;

    (d) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

    (e) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

    (f) to appeal its conviction if it is found guilty; and

1

      (g)      to appeal the imposition of sentence against it.

## THE DEFENDANT'S AGREEMENT

2.      Pursuant to Fed. R. Crim. P. 7(b), the Defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Southern District of Texas. The Information will charge the Defendant with participating in a conspiracy, the primary purpose of which was to suppress and eliminate competition by fixing and maintaining prices of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons, sold online, via telephone, or by other means (hereinafter "the online sale of customized promotional products"), in the United States and elsewhere from at least as early as May 2014 and continuing until at least June 2016 in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The Defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 18 below.

## DEFENDANT'S AGREEMENT TO WAIVE CERTAIN RIGHTS

4.      The Defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(f) above. The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to

contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

## ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

   (a) the conspiracy described in the Information existed at or about the time alleged;

   (b) the Defendant knowingly became a member of the conspiracy; and

   (c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## PUNISHMENT RANGE

6. The Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a fine in an amount equal to the greatest of:

(1) $100 million (15 U.S.C. § 1);

(2) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)); and

(b) a term of probation of at least one year, but not more than five years, pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1).

## RESTITUTION

7. Defendant understands that pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense.

## MANDATORY SPECIAL ASSESSMENT

8. Defendant understands that pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the Defendant to pay a $400 special assessment upon conviction for the charged crime.

## DEFENDANT'S COOPERATION

9. The Defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the online sale of customized promotional products in the United States (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the

commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the Defendant will include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the Defendant, that are requested by the United States in connection with any Federal Proceeding; and

(b) using its best efforts to secure the full, truthful, and continuing cooperation of the current and former directors, officers, and employees of the Defendant, as may be requested by the United States, but excluding Mashnoon Ahmed and Mueen Akhter, and other individuals listed in Attachment A filed under seal. Such efforts will include, but not be limited to, making these persons available at the Defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the Defendant and its related entities as of the date of signature of this Plea Agreement.

10. The full, truthful, and continuing cooperation of the current directors, officers, and employees of the Defendant, will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a) producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b) making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under subparagraph 12(c), the statute of limitations period for any Relevant Offense, as defined in subparagraph 12(a), will be tolled as to him or her for the period between the date of signature of this Plea Agreement and six (6) months

after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

This Paragraph 10 does not apply to Mashnoon Ahmed, Mueen Akhter, and the individuals listed in Attachment A filed under seal, regardless of their employment status, or to any former director, officer, or employee of the Defendant.

## **GOVERNMENT'S AGREEMENT**

11.   Subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the Defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy related to the online sale of customized promotional products in the United States ("Relevant Offense").  The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. §§ 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

12.   The United States agrees to the following:

(a)   Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in subparagraph 12(c), the United States agrees that it will not bring criminal charges against any current director, officer, or employee of the Defendant for

7

any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the Defendant that was undertaken in furtherance of an antitrust conspiracy related to the online sale of customized promotional products in the United States ("Relevant Offense"), except that the protections granted in this paragraph do not apply to Mashnoon Ahmed, Mueen Akhter, and the individuals listed in Attachment A filed under seal;

(b) Should the United States determine that any current director, officer, or employee of the Defendant may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

(c) If any person requested to provide cooperation under subparagraph 12(b) fails to comply fully with his or her obligations under Paragraph 10, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to any Relevant Offense;

(d) Except as provided in subparagraph 12(e), information provided by a person described in subparagraph 12(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22),

making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 10 of this Plea Agreement, the agreement in subparagraph 12(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f) The nonprosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws or conspiracy to commit such offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g) Documents provided under subparagraphs 9(a) and 10(a) will be deemed responsive to outstanding grand jury subpoenas issued to the Defendant.

## SENTENCING GUIDELINES

13. The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto*

issue under the November 1, 2016, Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the Defendant provides to the United States subsequent to the execution of this Plea Agreement will not be used to increase the volume of affected commerce attributable to the Defendant or in determining the Defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

**SENTENCING AGREEMENT**

14. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), and subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, the United States and the Defendant agree that the appropriate disposition of this case is, and agree to recommend jointly, that the Court impose a sentence requiring the Defendant to pay to the United States a criminal fine of $6,531,687, payable without interest pursuant to 18 U.S.C. § 3612(f) in installments as set forth below, and no order of restitution ("the Recommended Sentence"). The parties agree that there exists no aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

10

The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

    (a)    The United States and the Defendant agree to recommend, in the interest of justice pursuant to 18.U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid in the following installments:

        i.   within thirty (30) days of judgment – $300,000;

        ii.  within 6 months of judgment – $200,000;

        iii. within one year of judgment -- $250,000;

        iv.  within two years of judgment – $450,000;

        v.   within three years of judgment – $450,000;

        vi.  within four years of judgment – $2,400,500;

        vii. within five years of judgment – $2,481,187 (provided, however, that the Defendant will have the option at any time before full payment is due of prepaying the remaining balance).

    (b)    The United States and the Defendant agree to recommend that the Court, in determining the Guidelines Fine Range for a corporate defendant for a violation of 15 U.S.C. § 1, apply the Chapter 8- Sentencing of Organizations guidelines, and the applicable offense guideline, §2R1.1- Antitrust Offenses, as follows:

        i.   Pursuant to U.S.S.G. §8C2.4(b) and §2R1.1(d)(1), the base fine is $8,373,958, 20% of $41,869,791, the volume of affected commerce;

        ii.  The Defendant's Culpability Score is 6 and is determined, pursuant to U.S.S.G. §8C2.5, as follows:

            1.   Base Culpability Score, U.S.S.G. §8C2.5       5

  2.  Involvement in or Tolerance of Criminal Activity, U.S.S.G. §8C2.5(b)(3)(A)  +3

  3.  Acceptance of Responsibility, U.S.S.G. §8C2.5(g)  -2

  4.  Based on a Culpability Score of 6, the minimum and maximum multipliers are 1.20 to 2.40 (U.S.S.G. §8C2.6).

  iii.  The Guidelines Fine Range is $10,048,750 to $20,097,499.

(c) The Defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(d) In light of the civil cases which have been filed against the Defendant and consolidated under *Kjessler v. Zaappaaz, Inc. et al.*, No. 18-cv-00430, in the United States District Court for the Southern District of Texas, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(e) Both parties will recommend that no term of probation be imposed, but the Defendant understands that the Court's denial of this request will not void this Plea Agreement, unless the Court rejects the recommendation for no order of restitution. If the Court rejects the recommendation for no order of restitution, the United States and the Defendant agree that this Plea Agreement, except for subparagraph 17(b) below, will be rendered void and the Defendant will be free to withdraw its guilty plea as provided in subparagraph 17(b).

15. The United States and the Defendant agree that the applicable Guidelines fine exceeds the fine contained in the recommended sentence set out in Paragraph 14 above. Subject

to the full, truthful, and continuing cooperation of the Defendant and its related entities, as defined in Paragraph 9 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range in this case and will request that the Court impose the fine contained in the recommended sentence set out in Paragraph 14 of this Plea Agreement because of the Defendant's and its related entities' substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the online sale of customized promotional products industry.

16. Subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the Defendant's cooperation and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the Defendant's involvement in the charged offense, and all other relevant conduct.

17. The United States and the Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 14 of this Plea Agreement.

   (a) If the Court does not accept the recommended sentence, the United States and the Defendant agree that this Plea Agreement, except for subparagraph 17(b) below, will be rendered void.

   (b) If the Court does not accept the recommended sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the Defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any

statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the Defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 11 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater.

## FACTUAL BASIS FOR OFFENSE CHARGED

18. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as May 2014 and continuing until to at least June 2016. During the relevant period, the Defendant was a corporation organized and existing under the laws of Texas with its principal place of business in Houston, Texas. During the relevant period, Defendant was engaged in the online sale of customized promotional products to charities, churches, campaigns, and small businesses, among others, in the United States and elsewhere. Customized promotional products are assorted products—including wristbands, lanyards, buttons, and temporary tattoos—that can be customized to customer specifications. During the relevant period, the Defendant's online sales of customized

promotional products to U.S. customers affected by the conspiracy totaled at least $41,869,791.

(b)     During the relevant period, the Defendant, through its officers and directors, including high-ranking officers of the Defendant, conspired with other persons and entities engaged in the online sale of customized promotional products, the primary purpose of which was to fix prices for the online sale of customized promotional products in the United States and elsewhere.  In furtherance of the conspiracy, the Defendant, through its officers and directors, engaged in discussions, attended in-person meetings and otherwise communicated via phone, e-mail, text message, and social media platforms with representatives of other providers of the online sale of customized promotional products.  During these discussions, in-person meetings and communications, the Defendant and others agreed to fix the prices of online sales of customized promotional products in the United States and elsewhere.

(c)     For example, the Defendant, through its officers and directors, met with multiple competitors at a restaurant in May 2014 and agreed to fix prices of online sales of promotional products in the United States and elsewhere.  Defendant, through its officers and directors, also agreed with a competitor in February 2015 to implement another price increase.  Through its officers and directors, Defendant continued to have collusive communications with its competitors throughout the relevant time period, discussing further agreements to match or raise prices and eliminate discounts to create more profitability for itself and its competitors.

(d)     During the relevant period, customized promotional products sold by one or more of the conspirator companies, and the equipment and supplies necessary to the

production and distribution of online sales of customized promotional products, as well as payments for online sales of customized promotional products, traveled in interstate commerce. The business activities of the Defendant and its co-conspirators in connection with the production and online sale of customized promotional products that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(e) Defendant and its co-conspirators carried out acts in furtherance of this conspiracy within the Southern District of Texas. This includes certain conspiratorial in-person meetings, discussions, and communications described above. Online sales of customized promotional products at agreed-upon and fixed prices that were the subject of this conspiracy were also conducted by one or more of the conspirators to customers in this District.

## VIOLATION OF PLEA AGREEMENT

19. The Defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 9 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the Defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel for the Defendant by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the Defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The Defendant agrees that, in the event that

the United States is released from its obligations under this Plea Agreement, and brings criminal charges against the Defendant for any offense referred to in Paragraph 11 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

20. The Defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement because of the Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, or their current or former directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## REPRESENTATION BY COUNSEL

21. The Defendant has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied with its attorney's legal representation. The Defendant has thoroughly reviewed this Plea Agreement with its attorney and has received satisfactory explanations from its attorney concerning each paragraph of this Plea Agreement and alternatives available to the Defendant other than entering into this Plea Agreement. After conferring with its attorney and considering all available alternatives, the Defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

22. The Defendant's decision to enter into this Plea Agreement, and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Attachments A and B (filed under seal). The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## COMPLETE AGREEMENT

23. This Plea Agreement and Attachments A and B (filed under seal) constitute the entire agreement between the United States and the Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendant.

24. The undersigned is authorized to enter this Plea Agreement on behalf of the Defendant as evidenced by the Corporate Resolution for the Defendant attached to, and incorporated by reference in, this Plea Agreement.

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Filed at Houston, Texas, on **May 30, 2019**.

_____
Mashnoon Ahmed
Chief Executive Officer
Netbrands Media Corp.

Subscribed and sworn to before me on **May 30, 2019**.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

BY: _____
Vernon Lewis
Deputy Criminal Chief, Fraud Section

Respectfully submitted,

BY: _____
[NAME]
[TITLE]
Netbrands Media Corp.

BY: _____
Mark Rosman
Byron R. Tuyay
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW
Fifth Floor
Washington, DC 20006
(202) 973-8877
Counsel for Netbrands Media Corp.

BY: _____
Justin P. Murphy
Danielle M. Garten
Trial Attorneys, Washington Criminal I
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20530
Tel: (202) 598-8670